IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Action No. 1:23-cr-00051-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEMICH TAJON RIDDLE,

    Defendant.

## ORDER

Pending before the Court is Defendant Lemich Tajon Riddle's Motion to Dismiss with Prejudice for a Violation of Mr. Riddle's Sixth Amendment Speedy Trial Right, ECF No. 22. For the reasons stated below, the motion to dismiss is DENIED.

### I.     BACKGROUND[1]

On November 1, 2022, the Colorado Springs Police Department arrested Mr. Riddle on state charges pursuant to an arrest warrant issued by an El Paso County, Colorado district judge. When he was arrested, officers found multiple firearms in Mr. Riddle's vehicle. When officers executed a search warrant for Mr. Riddle's home, they found dozens of additional firearms.

---

[1] The Court relies on the statements of facts in the parties' briefing.  See ECF No. 22 at 1–5; ECF No. 24 at 2-5.

At the time of Mr. Riddle's state arrest, he had four active state cases in El Paso County, Colorado. As of January 20, 2023, Mr. Riddle had successfully posted bond in all four of his pending state cases. Mr. Riddle was therefore released from custody and was attending his state court hearings.

On February 22, 2023, Mr. Riddle was indicted federally for the firearms found inside his vehicle and inside his residence. An arrest warrant was issued that same day. On March 29, 2023, Mr. Riddle was arrested and taken to the El Paso County Jail. Mr. Riddle's El Paso County Booking Report notes that the charge is an "ATF HOLD." While at the El Paso County Jail, Mr. Riddle sent four "kites"[2] to jail staff, requesting that he be transported to federal court. Jail staff responded to each kite that Mr. Riddle was being held pursuant to a valid federal hold and that they could not give him a time frame for pickup.

On June 14, 2023—77 days after his arrest and 112 days after his indictment—Mr. Riddle was brought to federal court for his initial appearance. Mr. Riddle's attorney entered his appearance that same day. Four days later, on June 20, 2023, Mr. Riddle's detention hearing was conducted. The government sought detention and Mr. Riddle did not contest detention, so Mr. Riddle remains detained while the federal case is pending.

On July 10, 2023, Mr. Riddle filed his first motion for an ends of justice continuance. That motion was granted in an order extending the trial deadline under the Speedy Trial Act from August 23, 2023 to October 22, 2023. Mr. Riddle filed a second motion for ends of justice continuance on September 11, 2023. That motion was also granted in an order

---

[2] A "kite" is a formal communication with jail staff.

extending the trial deadline under the Speedy Trial Act to December 6, 2023. A third motion for an ends of justice continuance was filed on October 27, 2023. Again, the Court granted the motion and extended the trial deadline under the Speedy Trial Act to February 16, 2024.

On January 8, 2024, Mr. Riddle filed the motion to dismiss. Mr. Riddle seeks dismissal of the indictment with prejudice for violation of his speedy trial rights under the Sixth Amendment. The pending motion to dismiss is fully briefed and ripe for review.

## II.     APPLICABLE LAW

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend VI. The remedy for violating this right is dismissal of the indictment. *See United States v. Seltzer*, 595 F.3d 1170, 1175 (10th Cir. 2010).

In *Barker v. Wingo*, the Supreme Court established a balancing test that weighs "the conduct of both the prosecution and the defendant" to determine whether a defendant has been deprived of his constitutional right to a speedy trial. 407 U.S. 514, 530 (1972). Barker identified four relevant factors in conducting that balancing test: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* "[T]hese factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Id.* at 533.

But the Court need not go further than the first factor if the delay was not "presumptively prejudicial." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992) ("Simply to trigger a speedy trial analysis, an accused must allege that the interval

3

between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay ...." (internal quotation marks omitted)); *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006) ("The remaining factors are examined only if the delay is long enough to be presumptively prejudicial.").

### III. ANALYSIS

Mr. Riddle argues that the analysis of the *Barker* factors requires dismissal of his indictment. However, the Court finds that Mr. Riddle has not met the threshold requirement of presumptively prejudicial delay. And even if he had, consideration of all four *Barker* factors would not warrant dismissal.

### A. Length of Delay

The first *Barker* factor—length of delay—is a threshold inquiry: there must be a delay long enough to be 'presumptively prejudicial.' " *United States v. Loud Hawk*, 474 U.S. 302, 314, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) (quoting *Barker*, 407 U.S. at 530). In other words, unless there is a delay lengthy enough to qualify as "presumptively prejudicial," there is no need to consider the last three factors. *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991); *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006) ("The remaining factors are examined only if the delay is long enough to be presumptively prejudicial.").

The Tenth Circuit has provided ample guidance of what constitutes delay that is presumptively prejudicial, characterizing a year as the "bare minimum" of presumptive prejudice. *See, e.g.*, *United States v. Margheim*, 770 F.3d 1312, 1326 (10th Cir. 2013); *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) ("[d]elays approaching one

4

year generally satisfy the requirement of presumptive prejudice."); *United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006) (delay up to eleven months found not to meet the presumptively prejudicial threshold).

The speedy trial right attaches when a defendant is first arrested or indicted, whichever occurs first. *See Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004). Mr. Riddle was indicted on February 22, 2023, and arrested on March 29, 2023. Therefore, the speedy trial right attached on February 22, 2023. 112 days (or 3.7 months) passed between the date that Mr. Riddle was indicted and the date that he was brought to federal court on June 14, 2023. This comes nowhere close to approaching the presumptively prejudicial one-year delay, and Mr. Riddle's motion fails on this basis. *See, e.g.*, *United States v. Dirden*, 38 F.3d 1131, 1137 (10th Cir. 1994) (seven and a half month delay not presumptively prejudicial); *Kalady*, 941 F.2d at 1095-96 (eight month delay not presumptively prejudicial).

Mr. Riddle concedes that this period of time does not meet the presumptively prejudicial one-year threshold. ECF No. 22 at 7. Nevertheless, Mr. Riddle argues that an analysis of the three remaining *Barker* factors is necessary, given the "egregiousness" of the government's conduct in refusing to bring Mr. Riddle to federal court. *Id.* The Court finds no legal support for Mr. Riddle's argument. To the contrary, the Tenth Circuit has consistently held that the court is only required to consider the other factors if the period of delay is "presumptively prejudicial." *See, e.g.*, *United States v. Jumaev*, 20 F.4th 518, 532 (10th Cir. 2021) *United States v. Dirden*, 38 F.3d 1131, 1137 (10th Cir. 1994); *United*

5

States v. Tranakos, 911 F.2d 1422, 1427 (10th Cir. 1990). In any event, the Court finds that the remaining *Barker* factors are unavailing to his cause.

### B. Remaining *Barker* Factors

The second *Barker* factor is the reason for the delay. At this step, it is the government's burden to present acceptable reasons for the delay. *Margheim*, 770 F.3d at 1326. "The reason for the delay weighs against the government in proportion to the degree to which the government caused the delay." *United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006). This factor weighs heavily against the government if the delay was caused by the government to gain an advantage. *Margheim*, 770 F.3d at 1326. On the other hand, any delay attributable to the defendant does not weigh against the government, and this factor weighs heavily against the defendant if they are the primary reason for the delay in a case. *Id.*; *Banks*, 761 F.3d 1163, 1183 (10th Cir. 2014); *Batie*, 433 F.3d at 1291 ("continuances and other motions filed by the defendant do not weigh against the government").

After weighing the reason for the delay, the Court finds that Mr. Riddle is the primary reason for the delay. Although the government is presumably responsible for the 112-day delay between Mr. Riddle's indictment and when he was brought to federal court, Mr. Riddle is responsible for the 208-day delay between when he first appeared in court and when he filed the instant motion on January 8, 2024. As described above, the 112-day delay is not presumptively prejudicial, and it is Mr. Riddle's own requests for continuances that have resulted in a greater delay. Accordingly, the Court finds that this factor likely weighs in favor of the government and is, at most, neutral.

The third Barker factor—defendant's assertion of the speedy trial right—"is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531–32. However, "[w]e are unimpressed by a defendant who moves for dismissal on speedy trial grounds when his other conduct indicates a contrary desire." *Tranakos*, 911 F.2d at 1429. Here, although Mr. Riddle asked El Paso County Jail staff that he be taken to federal court,[3] his other conduct indicates that he did not desire a speedy trial.

Here again, the Tenth Circuit has provided guidance under facts similar to those in this case. The third *Barker* factor weighs against a defendant who requests continuances and waits for months to assert his speedy trial right. *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010). After Mr. Riddle was taken to federal court—77 days after his arrest and booking in the El Paso County Jail—Mr. Riddle filed three motions seeking continuances and exclusion of time under the Speedy Trial Act. None of the motions indicated a desire for a speedy trial. Rather, Mr. Riddle's counsel indicated that he needed additional time to review discovery, conduct follow-up investigations, consult with Mr. Riddle regarding discovery, and conduct legal research. ECF No. 16. The only reference to the present issue is counsel's statement that he needed time to look into "issues regarding [Mr. Riddle's] detention before he was brought over into Federal Court for his Initial Appearance." ECF No. 16. The filing of three motions seeking continuances is hardly conduct indicating a desire for a speedy trial. *See United States v.*

---

[3] The Court questions whether alerting *state* jail staff of his desire to be transported to federal court qualifies as an assertion of Mr. Riddle's speedy trial right, but ultimately the Court need not decide the issue in reaching its decision on the motion to dismiss.

*Batie,* 433 F.3d 1287, 1292 (10th Cir. 2006) ("[Defendant's] persistent requests for continuances . . . scarcely demonstrate a desire for a speedier process."). Thus, this factor weighs against Mr. Riddle.

As to the fourth factor, whether the delay prejudiced the defendant, "the burden of proof is on the defendant." *United States v. Larson*, 627 F.3d 1198, 1209 (10th Cir. 2010) (citing *Seltzer*, 595 F.3d at 1179; *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). In determining whether a defendant has made a particularized showing of prejudice, the Tenth Circuit has identified three main interests: "(i) the prevention of oppressive pretrial incarceration; (ii) the minimization of anxiety and concern of the accused; and (iii) minimization of the possibility that the defense will be impaired," *Seltzer*, 595 F.3d at 1179. The third interest—impairment of the defense—is the most important, and the first interest—prevention of oppressive pretrial incarceration—is the second most important. *See Larson*, 627 F.3d at 1209.

Mr. Riddle argues the third interest applies here because his defense has been impaired by the death of a witness. ECF No. 22 at 11. In evaluating whether the loss of evidence during a delay amounts to prejudice, The Tenth Circuit has analyzed "(1) the defendant's ability to demonstrate with specificity how the evidence would have aided his defense; (2) whether the government's delay in bringing the defendant to trial caused the evidence to be actually lost; and (3) whether the defendant took appropriate steps to preserve the evidence. *United States v. Medina*, 918 F.3d 774, 781–82 (10th Cir. 2019).

Mr. Riddle contends his defense has been prejudiced by the death of Kymir Williamson. ECF No. 22 at 11. Mr. Williamson was an individual that lived with Mr. Riddle

and multiple others at Mr. Riddle's apartment on his offense date. *Id.* Unfortunately, Mr. Williamson was killed in a shooting on September 25, 2023. *Id.* Mr. Riddle argues that Mr. Williamson's testimony would have aided his defense because a number of the weapons found inside the apartment and included in the forfeiture allegation belonged to Mr. Williamson. *Id.* at 11-12. Mr. Riddle contends there is now no option for Mr. Riddle to present evidence of Mr. Williamson's possession of the firearms and that the delay in bringing Mr. Riddle to Court was crucial and limited Mr. Riddle's ability to track Mr. Williamson down. The Court is not persuaded by Mr. Riddle's argument.

First, Mr. Riddle has not demonstrated with specificity how Mr. Williamson's testimony would have aided his defense. Mr. Riddle claims only that Mr. Williamson may have possessed some of the firearms recovered in the house and he "could have" addressed those firearms. ECF No. 22 at 12. Even if the Court assumes that Mr. Williamson would have testified as Mr. Riddle asserts, such evidence still would not have aided his defense because the indictment alleges unlawful possession of the single firearm that was recovered from Mr. Riddle's vehicle.[4] Therefore, whether Mr. Williamson possessed some of the firearms located in the apartment has no bearing on Mr. Riddle's guilt or innocence in his federal case.

---

[4] In his reply, Mr. Riddle contends for the first time that others that lived in the house, including Mr. Williamson, used Mr. Riddle's vehicle at times. ECF No. 28 at 7. Mr. Riddle now suggests that Mr. Williamson's testimony may have allowed a jury to conclude that the firearm listed in the indictment might have belonged to or been placed in the vehicle by Mr. Williamson. *Id.* The Court declines to consider this new argument. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 (10th Cir. 2003) (the court "generally does not review issues raised for the first time in a reply brief"). But even if it were to consider Mr. Riddle's new characterization of the testimony Mr. Williamson might give, the Court would afford little credit to such speculative prejudice. *See United States v. Medina*, 918 F.3d 774, 782 (10th Cir. 2019) ("Proving that delay caused an impaired defense requires the defendant to 'show definite and not speculative prejudice, and in what specific manner missing witnesses would have aided the defense.'") (quoting *Margheim*, 770 F.3d at 1331).

Further, the Court does not find that the government's delay caused the evidence to be lost, nor does it find that Mr. Riddle took appropriate steps to preserve the evidence. Mr. Riddle was indicted on February 22, 2023, and Mr. Williamson died seven months later, on September 25, 2023. *Id.* In the Sixth Amendment speedy trial context, "when a key witness dies within a year of the indictment (the time after which a speedy trial inquiry is triggered), the delay does not impair the defense because the witness would not have been available for trial even if the proceedings had occurred in a timely manner." *Jackson v. Ray*, 390 F.3d 1254, 1265-1266 (10th Cir. 2004). But even if, as Mr. Riddle contends, he was unable to preserve Mr. Williamson's testimony because he could not locate him and did not know what he was charged with, Mr. Riddle and his attorney had three months from the time Mr. Riddle was brought to federal court to track down Mr. Williamson and preserve his testimony. Mr. Riddle does not describe any efforts to locate Mr. Williamson, only that tracking him down was "part of the investigation plan in Mr. Riddle's case." ECF No. 22 at 12. Mr. Riddle was apparently unable to locate Mr. Williamson in the seven months between Mr. Riddle's indictment and Mr. Williamson's death, and there is no basis for the Court to conclude that Mr. Riddle would have been able to locate him any earlier if he had been brought to federal court sooner.

Moreover, Mr. Riddle's trial was initially set for August 21, 2023, a month before Mr. Williamson's death. Mr. Riddle then filed two motions to continue the case. Thus, the Court does not find that it is the government's delay that caused the evidence to be lost, because Mr. Williamson would have been available for trial if not for Mr. Riddle's motions

to continue. Thus, Mr. Riddle has not sustained his burden establish prejudice, and this factor also weighs against him.

As stated above, Mr. Riddle's motion fails because he has not satisfied the threshold issue of presumptive prejudice. But even after consideration of all four *Barker* factors, the Court finds the factors weigh in favor of the government and a finding that Mr. Riddle's speedy trial rights have not been violated.

## IV.   CONCLUSION

For the reasons stated above, Defendant Lemich Tajon Riddle's Motion to Dismiss with Prejudice for a Violation of Mr. Riddle's Sixth Amendment Speedy Trial Right, ECF No. 22 is **DENIED**.

DATED:  February 28, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge